## CAL. COHEA *v.* THE STATE.

11  153
37   63

1. CONSPIRACY — EVIDENCE — PRACTICE.— Conspiracy to commit an offense cannot be proved by the confessions of a co-conspirator made to witnesses after the consummation of the offense, and in the absence of the defendant.

2. SAME — CASE STATED.— C. testified that B. confessed to him, in the absence of defendant, that he and defendant had conspired to commit the offense, and V. testified that C. repeated to him B.'s confession; after which B. was introduced by the State and testified to the conspiracy, and to the commission of the offense in pursuance thereof. *Held,* that the evidence of C. was hearsay, and that of V. doubly so, and inadmissible because (1) conspiracy cannot be shown by the acts, declarations or confessions of a co-conspirator, but must be proved *aliunde;* and (2) because neither the acts, declarations nor confessions of a co-conspirator, done or made after the completion of the offense, are admissible. But to authorize revision by this court it must appear that objection to such proof was made when it was offered.

3. SAME — CORROBORATION.— While conspiracy cannot be established by the confessions of a co-conspirator to third parties after the offense, and in the absence of defendant, yet, if the co-conspirator is placed upon the stand, it is competent for him to testify not only to the conspiracy but to all matters material to the issue; but in such case corroboration is essential to sustain a conviction. If, however, the conspiracy has been legally established, the acts, declarations, etc., of a co-conspirator, before the completion of the offense, are admissible, and the rule which requires corroboration does not apply.

4. PRACTICE.— During the argument of defendant's counsel, the State was allowed to recall a witness who had been released from the rule and had heard the comments of counsel on the evidence, and the bill of exceptions states that the "defendant objected." *Held,* too vague and indefinite for review; that the ground of objection should be stated; and further, that the court was authorized to receive evidence at any stage of the proceedings pending the argument, when necessary to a due administration of justice, and its action in this respect will not be revised except where prejudice to the defendant is manifest.

5. VERDICT.— The indictment charging theft of property over the value of twenty dollars, a verdict that finds the defendant "guilty of the offense as charged in the indictment" is a sufficient finding that he is guilty of theft of property of the value of twenty dollars or over.

APPEAL from the District Court of Gonzales. Tried below before the Hon. E. Lewis.

The indictment charged the theft in Gonzales county, Texas, on the 23d day of April, 1881, of a gun, a quantity of flour and bacon, of the aggregate value of thirty-six dollars, the property of G. W. Carroway. The verdict assessed a punishment of five years in the penitentiary.

About the substance of the testimony for the State was, that on his return from a neighboring town on April 24th, the prosecuting witness discovered that his premises had been entered and the property named carried away. He secured process for the arrest of the defendant and his brother Tom, and a subpœna for one Burton, and with an officer and other parties proceeded to their place of business and arrested them. When the officer returned to the party, having the defendant in charge, he told the prosecuting witness that Burton, upon whom he served the subpœna, confessed that he and defendant stole the articles. The officer's testimony and that of the prosecuting witness was identical. Burton, on being introduced, testified to the conspiracy between himself, Tom Cohea and defendant to rob the house in the absence of the prosecuting witness, and to the perpetration of the robbery by himself and the defendant, giving a detailed account of the manner and incidents of its consummation. He testified also that he disclosed the places where the articles were secreted; and some of which were found.

The defense appears to have rested its case on the sufficiency of the evidence.

*Fly & Davidson,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J.   The State proved the confessions of one Burton, in which he gave a full account of the conspiracy between himself, Tom Cohea and the defendant, to steal the goods charged to have been taken in the indictment, and not only the conspiracy, but its consummation resulting in the theft and concealing of the property.   This confession was proved by two witnesses; to which there was no objection made by the defendant.   The State then introduced Burton, by whom the conspiracy and the theft,— in fact everything from the inception to the final disposition of the property,—was shown.   To this the defendant objected upon the ground that a conspiracy cannot be proven by a co-conspirator, but must be shown by evidence *aliunde.*

The evidence failing to show that defendant was present (but clearly showing to the contrary) when the confession was made, the evidence of Carroway and Vasberg was not admissible.   That of Vasberg was hearsay, and that of Carroway doubly so,— Vasberg repeating to Carroway what Burton had confessed to him.   If the defendant had objected to this proof when proposed to be made by Carroway or Vasberg, the court should have sustained the objection upon the grounds, 1st, the conspiracy cannot be shown by the acts, declarations or confessions of a co-conspirator,— this must be done *aliunde;* 2d, after the completion of the crime, neither the acts, doings, declarations nor confessions of a co-conspirator are admissible.   In this case there was no act save the confession of Burton sought to be introduced, which was of course after the theft was complete; hence the evidence of Carroway and Vasberg was not competent to prove the conspiracy, nor any other fact *obtained from Burton.*   The authorities cited by appellant are in point, and sustain the above propositions, and if the defendant had objected to the evidence of Carroway and Vasberg, and reserved bills of exceptions, we would have been compelled to reverse the

judgment. This was not done, and hence the objection cannot be urged here.

It is contended, however, that the conspiracy cannot be proved by Burton. This, we think, is not the case; for if Burton is placed upon the stand, the State can not only prove the conspiracy, but any other fact which is relevant. Let us illustrate. C. is on trial. The State proposes to prove by V. (not B.) a conspiracy between C. and B., this proof to be made by V. testifying to the confessions of B. C. not being present when the confession of B. was made, the confession of B. thus sought to be introduced is not competent for any purpose. But C. being on trial, the State offers to prove by B. a conspiracy between C. and B., the witness. In this case the State can not only prove the conspiracy, but any other fact material to the issue. When a conspiracy is legally shown, the acts, doings and declarations of a co-conspirator are admissible if occurring before the completion of the offense; nor does the rule which requires corroboration apply. But when a co-conspirator is made a witness, a conviction cannot be had upon his testimony unless corroborated in the manner pointed out by the Code. In the one case there is no taint, no cloud, and no corroboration is necessary; in the other, the complicity of the witness places him under such a cloud as requires corroboration before a conviction can legally be had.

Again, if a co-conspirator is made a witness there is no necessity of proving a conspiracy in order to the admissibility of the evidence of the co-conspirator. He can swear to the act directly; and if this can be done, certainly he can give evidence of any other inculpatory fact. In most of the cases in which a conviction is sought upon the evidence of an accomplice, it is the part of wisdom to prove by the accomplice as many inculpatory facts as possible; for if he be corroborated by another witness upon any fact sworn to by him which tends to

connect the defendant with the offense, it would occupy a much more favorable position before the jury. We are not to be understood that to corroborate an accomplice, a material fact *sworn to by the accomplice* must be corroborated; for it is now well settled that facts sworn to by another witness — whether testified to by the accomplice or not — which tend to connect the defendant with the offense, if of sufficient cogency, will suffice.

The witnesses were placed under the rule; the evidence was closed, the State had opened the argument, and counsel for defendant was addressing the jury. At this stage of the proceedings the State stopped counsel for defendant and recalled the witness J. J. Carroway, who had been under the rule, and, having been released, had heard the argument of the attorneys; by whom the State proved, over the objections of the defendant, "that, when defendant was arrested and carried to the house at which he lived, he placed a certain saddle on the horse ridden by him to the justice's office, and that upon this saddle was found the mark of a rope, and grease, which to the witness looked like bacon grease." The grounds of objection are not stated in the bill; it simply states that "defendant objected." This is too vague; the ground or reason for the objection should have been stated. And if defendant had objected because the defendant was under arrest, and the proper predicate had not been shown, a very serious question would have been presented. This, however, was not done. We fail to see in what manner the defendant was injured by the manner of the introduction of this evidence. Art. 661, Code Crim. Proc., makes it the duty of the court to allow testimony at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice. The evidence was material, tending to corroborate the accomplice Burton; the due administration of justice required its reception clearly in this case, no injury being

shown to defendant. That the witness heard the comments of the attorneys upon the evidence does not show or tend to show how the defendant's case was prejudiced or injured. In this case we fail to perceive an injury. There may be serious damage inflicted upon the rights of defendant by such a procedure; but to authorize this court to reverse, it must be clearly shown.

The objections to the charge of the court, we think, are not well taken.

The verdict of the jury is objected to, because it does not find the defendant guilty of theft of property of the value of twenty dollars or over. The indictment charges the theft of property over the value of twenty dollars; the proof sustains this charge. The jury found the defendant " guilty of the offense charged in the indictment, and assessed his punishment at five years' confinement in the State penitentiary at Huntsville, at hard labor." Theft includes different degrees. Art. 714, Code Crim. Proc. This being the case, what is the rule? " When a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree, *naming it*, but guilty of any degree inferior to that charged in the indictment or information." Art. 713, Code Crim. Proc. In this case the jury find the defendant guilty of the highest degree charged in the indictment; it was not, therefore, necessary for the verdict to name the offense or degree. This is only necessary when a less degree is found than that charged. We are not passing on a case in which the different degrees are submitted to the jury in the charge. In murder, however, we have a special provision, which will be found in art. 607 of the Penal Code. It is as follows: " If the jury shall find any person guilty of murder, they shall also find by their verdict whether it is of the first or second degree; and if any person shall plead guilty to an indictment for murder, a jury shall be summoned to find

óf what degree of murder he is guilty; and in either case, they shall also find the punishment. The cases referred to by appellant in his brief are murder cases, or assault to murder, except two, and these two are not in point. We are of the opinion that the verdict of the jury is not obnoxious to the objection made by the defendant, but is legal and sufficient.

The evidence supports the judgment, which must be affirmed.

*Affirmed.*